**FILED**
APR - 9 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THEODORE JUSTICE,

    Plaintiff,

v.

ANURIMA BHARGAVA, *et al.*,

    Defendants.

Case: 1:15-cv-00527   Jury Demand
Assigned To : Unassigned
Assign. Date : 4/9/2015
Description: Pro Se Gen. Civil (F Deck)

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application but, for the reasons set forth below, will dismiss the complaint.

Plaintiff brings this action against the Chief of the Educational Opportunities Section of the Civil Rights Division in the U.S. Department of Justice and the Assistant Secretary for Civil Rights at the U.S. Department of Education, *see* Compl. ¶¶ 2-4, for their alleged failure to establish "adequate or active policies and procedures for complaints, appeals, and timelines for investigations or enforcement of unconstitutional policies," *id.* ¶ 10. He seeks monetary damages, injunctive and declaratory relief, and a writ of mandamus. *Id.* ¶¶ 3, 17, 19.

Although "a *pro se* litigant's complaint is held to a less stringent standard than . . . pleadings drafted by" counsel, *pro se* litigants must still comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that complaints include "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a). These requirements ensure that the defendant is given "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, plaintiff's complaint alleges that in December 2014, he filed an administrative complaint with the Department of Justice pursuant to various civil rights statutes and that he has not received a response. Compl. ¶¶ 4, 8. The complaint, however, does not describe the nature of the administrative complaint, its contents, or the relief it sought. *See* Compl. ¶ 13 ("The subject of the complaint is not the complaint with the agency . . ."). Nor is a copy of the administrative complaint attached to (or otherwise incorporated into) the complaint. As a result, the complaint does not set forth factual allegations that would permit the Court to discern whether or how the agency's policies and procedures are inadequate, whether any laws or regulations have been violated, or whether plaintiff has suffered any cognizable injuries. Even construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint does not allege the minimal facts necessary for the Court to assess its jurisdiction or for the defendants to receive adequate notice of the claims asserted.

With respect to plaintiff's damages claims, moreover, the complaint does not identify an applicable waiver of sovereign immunity. The complaint appears to assert claims against the defendants in their official capacities. *See, e.g.*, Compl. ¶¶ 2-3, 8-15; *id.* ¶ 13 ("The subject of the complaint . . . is the failure of the *agency* to perform *its* duty as required by law.") (emphases added). Sovereign immunity, however, "bar[s] suits for money damages against officials in

their *official* capacity absent a specific waiver by the government." *Clark v. Library of Congress*, 750 F.2d 89, 103 (D.C. Cir. 1984). Plaintiff seeks to invoke 42 U.S.C. § 1983, but § 1983 does not apply to federal officials acting under color of federal law. *See Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005).

Because plaintiff's complaint fails to meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and fails to allege a basis for seeking damages against the named government officials, it must be dismissed.

An Order will issue separately.

_____
United States District Judge

Date: April 6, 2015